[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On April 23, 2002, defendant-appellant Alan Cunningham was charged with assault in violation of R.C. 2903.13, a misdemeanor of the first degree. On August 16, 2001, the trial court found Cunningham guilty of aggravated assault in violation of R.C. 2903.12, a fourth-degree felony, and sentenced him to a 180-day term of incarceration, suspended the jail time and imposed a fine. On August 24, 2001, Cunningham filed a notice of appeal, and he subsequently submitted a brief in which he presented three assignments of error. On February 14, 2002, the state filed a motion to correct the record pursuant to App.R. 9(E) to reflect that Cunningham had been convicted of assault rather than aggravated assault. This court granted the motion, noting that a clerical error had contributed to the confusion concerning the offense. The record now reflects that Cunningham was found guilty of and sentenced for assault, a first-degree misdemeanor.
The first two assignments of error address the discrepancy between Cunningham's initial charge for assault and his subsequent conviction for aggravated assault. We need not reach the merits of these challenges because they have been rendered moot by our correction of the record.
Cunningham's third assignment of error, as set forth in his appellate brief, alleges that his conviction for aggravated assault was against the manifest weight of the evidence. In light of the correction made to the record, we recast the assignment to conform to the record. As a result, we now consider whether Cunningham's conviction for assault was supported by the weight of the evidence.
Having reviewed the trial transcript and weighed all the evidence produced at trial, we hold that the assault conviction was not against the manifest weight of the evidence.[1] The state presented evidence indicating that Cunningham had confronted the victim at the victim's home about money Cunningham's wife owed the victim, and that Cunningham had pushed the victim and cursed at him. According to the victim, when Cunningham placed his hands on the victim's arm, a PICC line dispersing medication to the victim's heart came loose, requiring the victim's caregiver to call a nurse to help him reattach the tube. The victim testified that, at the time of the incident, he had needed the medication and could have died without it. While Cunningham presented a different version of the facts, the jury appears to have afforded little weight to that testimony, and we cannot say that the jury lost its way or created a manifest miscarriage of justice in doing so. Accordingly, we overrule the third assignment of error.
The judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] See State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.